THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN RIVERA BELÉN, Defendant and Appellant.

No. 8202.   Argued July 8, 1940.—Decided July 10, 1940.

*Dávila & Novas* for appellant.   *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The defendant-appellant, and Carmelo González Muñoz and Cristóbal Vázquez Reyes were prosecuted for a violation of sections 4 and 77 of the Spirits and Alcoholic Beverages Act (No. 6, approved June 30, 1936), in that, as alleged in the complaint, they "did unlawfully, wilfully, and maliciously and with the criminal intent to defraud the Treasury of Puerto Rico, and without any lawful authority therefor,

transport in an automobile: . . owned by Felipe Napoleón, of Bayamón, which was driven by the defendant Juan Rivera Belén, *alias* "B-8," chauffeur No. 60,076, four tin cans and two or three glass gourds *(calabazos)*, containing about 112 liters of cane rum, without any of said defendants *(sic)* carrying a stamp to show that they had paid the corresponding internal revenue taxes."

In the present appeal the only error assigned is the overruling by the District Court of Bayamón of a demurrer based on the failure of the complaint to state facts sufficient to constitute a public offense.

██ Sections 4 and 77 of the cited Act No. 6 which are alleged to have been violated by the defendant, read as follows:

"Section 4.—There shall be levied, collected, and paid, once only, on the following products now stored or that have been, or may hereafter be, distilled, rectified, produced or manufactured in, or imported or introduced into, Puerto Rico, an internal-revenue tax at the following rates:...."

"* * * * * * *

"Section 77.—Every person having in his possession or in any place at his disposition any products subject to tax by this Act, on which the tax has not been paid, except those duly authorized by this Act, shall be guilty of a misdemeanor; and the products may be attached by the Treasurer of Puerto Rico or by his agents, and by him sold at public auction to indemnify The People of Puerto Rico for the amounts of which it was defrauded by the violator."

Appellant's first contention is "that this is not the case of a violation of sections 4 and 77 of the Beverages Act, but rather of a violation of sections 18 and 76 of the same statute." The sections cited by the appellant were inadvertently copied from Act No. 115 of May 15, 1936 (Session Laws, p. 610), which was repealed by Act No. 6 of June 30 of the same year (Acts and Resolutions of the Third Special Session of the Legislature, 1936, p. 44). The corresponding sections of said Act No. 6 read thus:

"Section 21.—No person shall transport, possess, buy, sell, or transfer distilled spirits or alcoholic beverages unless there is affixed to the container thereof a stamp evidencing the payment of the internal-revenue taxes imposed by this Act on said taxable products, except the distilled spirits and alcoholic beverages held on deposit or in process of rectification, blending, or bottling, or in use in the processes of manufacture; *Provided,* That the Treasurer may, in his discretion and by regulation, make specific exemptions in cases where it is reasonably shown that such exemptions will not endanger the proper collection of taxes."

"Section 85.—Every person who violates or fails to observe any of the provisions of this Act or of the regulations which by virtue hereof may be promulgated; and every person who knowingly aids, permits, or otherwise assists another to violate or to fail to observe any of the provisions of this Act or of its regulations in regard to its provisions, shall, when no other penalty is specifically indicated, be guilty of a misdemeanor."

There was no error in the overruling of the demurrer. Section 4, *supra,* imposes on every possessor of distilled rum, manufactured in, or imported into, Puerto Rico the obligation to pay taxes in accordance with rates fixed in said section. Section 77, *supra,* makes it a misdemeanor for any person to have "in his possession or in any place at his disposition any products subject to tax by this Act, on which the tax has not been paid." The allegation that the three defendants did "without any lawful authority therefor, transport in an automobile" a quantity of rum on which the tax had not been paid, necessarily involves the charge that the defendants had in their possession and at their disposal, in the automobile, the said quantity of rum. It is not possible to transport a thing from one place to another without having possession thereof. The complaint was sufficient to inform the accused as to the nature of the offense charged against him, and may be upheld as stating a violation of either section 21 or 77, or both, of the act, *supra.*

The second contention of the appellant is without merit. The appellant was prosecuted as a principal and not as an accomplice. It was not necessary to allege in the com-

292

plaint that the defendant had acted "knowingly." He was not charged with giving aid to another person to violate the law but with having unlawfully, wilfully, and maliciously violated the same.

The judgment appealed from must be affirmed.